IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        }
In re:                                          }

DIANE HOWELL-ROBINSON            }         District Court Civil Case No.
                                                      }               05-1660
                                                      }         Bankruptcy Case No.: 05-00184
              Appellant/Debtor          }
                                                      }
_____}

## APPELLANT'S BRIEF

COMES NOW Diane Howell-Robinson, the Appellant/Debtor, by and through her undersigned attorney, Jay L. Jensen, and submits her Appellant's Brief.

Dated: September 2, 2005                         Respectfully submitted,

                                                                 /s/ Jay L. Jensen
                                                                _____

                                                                Jay L. Jensen  FB #419697
                                                                Attorney for Appellant
                                                                4946 Bel Pre Road
                                                                Rockville, MD 20853
                                                                (301) 871-5078
                                                                Counsel for the Debtor

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Appellant's Brief was mailed, postage prepaid, first class, this 2th day of September 2005, to:

Darrell W. Clark, Esq.                            Office of the U.S. Trustee
Stinson Morrison Heckler, LLP              Suite 210
1150 – 18th Street, N.W.                       115 South Union Street
Suite 800                                              Alexandria VA 22314
Washington DC 20036-3816

                                                                  /s/ Jay L. Jensen
                                                                _____
                                                                   Jay L. Jensen

**TABLE OF CONTENTS**

Table of cases, statutes and other authorities cited……………………………..…page 2

Statement of the basis of appellate jurisdiction ……………………………… page 4

Statement of the issues presented…………………………………………………...page 4

Statement of the applicable standard of appellate review……………………..page 4

Statement of the case……………………………………………………………..page 5

Argument……………………………………………………………………………page 8

Conclusion……………………………………………………………………. page 12

Certificate of service……………………………………………………………...page 12

# TABLE OF CASES, STATUTES AND OTHER AUTHORITIES CITED

## CASES

*Bedroc Ltd. v. United States*, 541 U.S. 176 (2004)……………………………….page 9

*Faircloth v. Lundy Packing Co.*, 91 F.3d 648 (4th Cir. 1996)……………....page 9

*Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564 (1982)…………………page 10

*In re Deutchman,* 192 F.3rd 457 (4th Cir. 1999)……………………………page 4

*In re Lewis*, 305 BR. 610 (2004)…………………………………………page 4, 5, 9

*Newport News Shipbuilding & Dry Dock Co. v. Brown,*

    376 F.3d 245 (4th Cir. 2004)……………………………………………..page 9

*Robinson v. Shell Oil C.* 519 U.S. 337, (1997)……………………………...page 9

*United States v. Ron Pair Enterprises*, 489 U.S. 235 (1989)………………page 10

## STATUTES

D.C. Code Ann. §15-501(a)(11)…………………………………………… page 11

D.C. Code Ann. §15-501 (a)(11)(D)……………………………………….. page 4, 5, 8, 9,

    10, 11, 12

D.C. Code Ann. §15-501(a)(14)………………………………....…………… page 11

11 U.S.C. §522(d)………………………………………………………….. page 10, 11

11 U.S.C. §522(d)(1)……………………………………………………….. page 11

11 U.S.C. §522(d)(11)……………………………………………………….page 11

28 U.S.C. §158(a)(1)……………………………………………………...…page 4

Md. Cts. & Jud. Proc. Code Ann. §11-504 (b)(2) (2004)……………………page 11

Va. Code §34-28.1 (2003)……………………………………………………. page 10

## OTHER AUTHORITIES

Bankr. Rule 8013……………………………………………………………page 4

Webster's New Universal Unabridged Dictionary

    (2nd ed. 1979)……………………………………………………………. page 8

Report of the Committee on the Judiciary on

    Bill 13-298 to all Members of the District

    of Columbia Council (11/16/2000)………………………………page 9, 10

Transcript of Bankruptcy Court hearing on 6/14/2005

    in case no.: 05-00184……………………………………………..page 7

## BASIS OF APPELLATE JURISDICTION

The basis of appellate jurisdiction is 28 U.S.C. 158 (a)(1).

## ISSUE PRESENTED

What is the meaning and what is the force and effect of D.C. Code Ann. § 15-501 (a) (11) (D)?

## APPLICABLE STANDARD OF APPELLATE REVIEW

<u>Standard of Appellate Review by the District Court</u>:

    a. <u>Findings of fact</u> – Findings of fact may be set aside only if clearly erroneous. Bankr. Rule 8013.

    b. <u>Questions of Law</u> – Questions of law are reviewed de novo. *In re Deutchman,* 192 F.3rd 457, 459 (4th Cir. 1999)

**STATEMENT OF THE CASE**

1. <u>Nature of the Case, Course of the Proceedings and Disposition in the Court Below</u>:

Diane Howell-Robinson, the appellant, filed a Chapter 7 Bankruptcy case on February 14, 2005. She listed as an asset $58,000 that resulted from the settlement of a personal injury case and was in compensation for her pain and suffering. Appellant exempted this amount pursuant to D.C. Code Ann. §15-501(a)(11)(D). The Chapter 7 Trustee objected, citing the Bankruptcy Court's decision in *In re Lewis*, 305 BR. 610 (2004). After a hearing, the Bankruptcy Court ruled in favor of the Trustee, declaring, in effect, that the statute is a nullity. Appellant takes this appeal from the decision of the Bankruptcy Court.

2. <u>Statement of Facts Relevant to the Issue Presented for Review</u>:

On September 3, 2001 appellant was in her automobile, stopped at a red light in the District of Columbia. Her automobile was hit in the rear by another vehicle that was operated by a drunk driver. At the time appellant was on disability due to a knee injury and had no health insurance. Her neck was severely injured, she had a herniated disk in her lower back, and she developed chronic, excruciatingly painful headaches. She had surgery on her neck in which a piece of bone from her hip was grafted into the vertebrae. Unfortunately, appellant did not get relief from pain and had difficulty swallowing. After a month it was discovered that the bone graft was unsuccessful. A second surgery three

months later, again on the left side of her neck, was an attempt to fuse cadaver bone into the vertebrae. However, appellant's veins and arteries in the area of the surgery were found to be greatly enlarged. Her jugular vein burst and the operation shifted to saving her life. After six days in the hospital, she was discharged, but continued to have unrelenting headaches. Three months later, appellant underwent surgery but on the right side of her neck. Cadaver bone was successfully infused in the areas of the third and fourth and fourth and fifth vertebrae in her neck. A metal plate was used to cover the graft, but this damaged appellant's voice box, resulting in constant hoarseness in addition to the unrelenting headaches.

Appellant needs further surgery on her neck as well as on her lower back. Her physicians have told her that the needed neck surgery will be particularly risky with the possibility of paralysis. Her walking and standing is very limited, she takes extensive medication for her chronic headaches and she has some permanent nerve damage in her neck. Appellant is now covered under her husband's health insurance, but because her extensive health problems from the collision are pre-existing conditions, further surgery and treatment will not be covered.

Appellant made a claim against the driver of the other car that was settled for $90,000. Appellant realized $60,000 after attorney's fees and costs. At present, the Chapter 7 Trustee holds $58,000 in escrow, the remainder having being used for bankruptcy attorney's fees.

Appellant had medical expenses that totaled approximately $150,000 prior to her bankruptcy filing. She is employed at a daycare center with an annual salary of $18,000. The only known source of funds for her further surgery and other treatment is the money

held in escrow by the Trustee.  Transcript of Bankruptcy Court hearing on June 4, 2005, Case 05-00184.

**ARGUMENT**

The issue in this case is the meaning, and force and effect, of D.C. Code Ann. § 15-501(a)(11)(D) that states:

> The following property of the head of a family or householder residing in the District of Columbia …is free and exempt from distraint, attachment, levy, or seizure and sale on execution or decree of any court in the District of Columbia:…
> (11) the debtor's right to receive property that is traceable to:…
> > (D) a payment, including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependant…

The Judiciary Committee of the Council of the District of Columbia examined this statute, held hearings upon Bill 13-298[1] of which it was a part, and recommended its enactment to the Council.  The Council passed Bill 13-298 and the Mayor of the District of Columbia signed it.  After the Congress of the United States reviewed it for 60 days,  it became law on April 27, 2001.  The intent of the statute was obviously so non-controversial and so universally agreed upon that neither the Council, nor the Mayor, nor the Congress saw fit to challenge, discuss or even comment upon it.

However, the statute is, on its surface, uncertain, and unfortunately not as clear or definite as it might be, and is therefore ambiguous.  Ambiguous is defined as:

> "…having two or more possible meanings; being of uncertain signification; susceptible of different interpretations; hence, obscure; not clear; not definite; uncertain or vague." Webster's New Universal Unabridged Dictionary 56 (2nd ed. 1979)

---

[1] The Omnibus Trusts and Estates Amendment Act of 2000

8

It is well settled that when faced with an ambiguous statute, courts should look to the legislative history.  The "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.,* 519 U.S. 337, 340 (1997).   In determining whether a statute is plain or ambiguous, a court must consider the specific language employed, the specific context of that language, and the broader context of the statute as a whole. *Id*. at 341. A statute is ambiguous if its language is susceptible to more than one reasonable interpretation. *Newport News Shipbuilding & Dry Dock Co. v. Brown,* 376 F.3d 245, 248 (4th Cir. 2004). "If the statutory language is clear and unambiguous, our inquiry ends there." *Faircloth v. Lundy Packing Co.*, 91 F.3d 648, 653 (4th Cir. 1996). If, however, a statute is ambiguous, resort to legislative history is appropriate. *Bedroc Ltd. v. United States*, 541 U.S. 176, 187, 124 S.Ct. 1587, 1595 (2004).

  The Bankruptcy Court in the case below, relied upon *In re Lewis* , 305 BR. 610 (2004) in which the Court parsed the words of D.C. Code Ann. § 15-501(a)(11)(D) and found that it did not create a cognizable exemption.  However, the Bankruptcy Court did not have the benefit of any legislative history.[2]  Fortunately, the legislative history of §15-501(a)(11)(D), the Report of the Committee on the Judiciary on Bill 13-298, to all members of the District of Columbia Council (November 16, 2000) (Report) has now been found.

---

[2] "Because there was no legislative history to § 15-501(a)(11)(D), the court cannot resort to legislative history to supply the answer." *In re Lewis,* 305 BR. 610, 613

9

In *United States v. Ron Pair Enterprises*, 489 U.S. 235, 242 (1989) the Supreme Court stated that "(T)he plain meaning of legislation should be conclusive, except in the "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982). In such cases, the intention of the drafters, rather than the strict language, controls. Ibid." The intentions of the drafters of D.C. Code Ann. §15-501(a)(11)(D are abundantly clear from the legislative history. As stated by the Judiciary Committee:

> "The proposed changes to the District's bankruptcy statute are <u>intended to modernize the District of Columbia's bankruptcy statute by updating the list of the District's exemptions.</u> The Committee adopts several exemptions from the United States Bankruptcy Code (11 U.S.C. §522(d)). The <u>purposes are to make the list of exemptions in the District's bankruptcy statute more generous for the debtor…</u>
> The Committee believes that a modernization of the district's (sic) exemptions is overdue and the Committee supports the changes set forth in the Committee Print. The Committee notes that a reasonable but generous list of exemptions can assist District residents in recovering from the financial difficulty caused by personal bankruptcy and high levels of consumer debt." *Report* at 6. (Emphasis added.)[3]

An effort to "update" exemptions must be in relation to some other set or sets of exemptions. The unique geography of the District of Columbia places her residents in daily contact with residents of both Virginia and Maryland. It stands to reason that if the District of Columbia's exemptions needed updating it would be in relation to these nearby jurisdictions. In Virginia, "…all causes of action for personal injury or wrongful death and the proceeds derived from court award or settlement shall be exempt from creditor process against the injured person or statutory beneficiary…Va. Code §34-28.1

---

[3] The portion of Bill 13-298 that pertains to bankruptcy is entitled the "Debtor Exemptions Modernization Amendment Act of 2000." *Report* at 72.

(2003) (but first enacted prior to 2000).  Maryland exempts "Money payable in the event of sickness, accident, injury or death of any person, including compensation for loss of future earnings.  This exemption includes but is not limited to money payable on account of judgments, arbitrations, compromises, insurance, benefits, compensation, and relief." Md. Cts. & Jud. Proc. Code Ann.§11-504 (b)(2) (2004). (but first enacted prior to 2000.)  With both neighboring jurisdictions having an unlimited exemption for the proceeds of a personal injury action (excepting past lost wages in Maryland), it is evident that an "update" of the District's statute would need to address such proceeds. And it is also evident that "the debtor's right to receive property that is traceable to:…(D) a payment, including pain and suffering or compensation for actual pecuniary loss…" D.C. Code Ann. § 15-501(a)(11)(D), was intended to be such an update.

The legislative history also states that the intent was to adopt several exemptions from the U.S. Bankruptcy Code and specifies 11 U. S. C. 522(d).  An examination of the Federal statute and the District statute reveals that many exemptions are word for word identical.  However, the District statute does vary from the federal in several important ways thus showing that the District intended to make its statute "more generous for the debtor."  For example, the District has an unlimited exemption for the debtor's residence, D.C. Code Ann. §15-501(a)(14), while the Federal has a exemption that is capped, 11 U.S.C. §522 (d)(1).  An examination of 11 U.S.C. 522(d)(11) and D.C. Code Ann. §15-501(a)(11) reveals that subsections (A), (B), (C) and (E) are identical.  Considering that the District intended to adopt several exemptions from the federal statute, but also intended to be more generous for the debtor, and at the same time intended to modernize

11

its statue, it is evident that the District intended to create in §15-501(a)(11)(D) an exemption that was based upon, but differed from the federal statute by exempting the debtor's right to receive, or property that is traceable to an unlimited payment on account of personal bodily injury including pain and suffering or compensation for actual pecuniary loss of the debtor or the debtor's dependants.  There is no doubt that the District intended its debtors who find themselves similarly situated to the appellant to have the benefit of such an exemption.

Bankruptcy cases sound in equity.  Because of a drafting error when the intent of the statute is abundantly clear, institutional creditors should not be favored over a poor woman who has suffered physically and financially through no fault of her own and due to circumstances beyond her control.

## CONCLUSION

Appellant seeks a finding that D.C. Code Ann. § 15-501(a)(11)(D) exempts the debtor's right to receive, or property that is traceable to an unlimited payment on account of personal bodily injury including pain and suffering or compensation for actual pecuniary loss of the debtor or the debtor's dependants.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the appellant's brief was mailed this 2nd day of September, postage paid, first-class to Darrell W. Clark, Esquire, Counsel for the Chapter 7 Trustee; Stinson Morrison Hecker LLP; 1150 18th Street, N.W., Suite 800; Washington, D.C. 20036-3816.