UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| _____ ) | | |
| In re: ) | | |
| ) | | |
| Diane Howell-Robinson ) | District Court Case No. 05cv-1660 | |
| ) | Bankruptcy Case No. 05-00184 | |
| ) | (Chapter 7) | |
| Debtor, ) | | |
| _____) | | |
| ) | | |
| Marc E. Albert, Trustee of the ) | | |
| Bankruptcy Estate of ) | | |
| Diane Howell-Robinson ) | | |
| ) | | |
| Appellee, ) | | |
| v. ) | On Appeal from the U.S. Bankruptcy | |
| ) | Court for the District of Columbia | |
| Diane Howell-Robinson ) | Judge S. Martin Teel  Presiding Judge | |
| ) | | |
| Appellant. ) | | |
| _____) | | |

**<u>BRIEF OF THE APPELLEE</u>**

COMES NOW Marc E. Albert, Trustee of the Chapter 7 Bankruptcy estate of Diane Howell-Robinson, the Appellee herein, by and through his undersigned attorneys, Stinson Morrison Hecker LLP, and hereby submits this Brief of the Appellee.

Respectfully submitted,

Dated: September 21, 2005.

<u>/s/ Darrell W. Clark</u>
Darrell W. Clark (No. 450273)
Stinson Morrison Hecker LLP
1150 18th Street, N.W. ,Suite 800
Washington, DC 20036-3816
Telephone: 202-785-9100
Fax: 202-785-9163
Attorneys for Marc E. Albert, Trustee of the
Chapter 7 estate of Diane Howell-Robinson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                         )
In re:                                   )
                                         )
Diane Howell-Robinson                    )      District Court Case No. 05cv-1660
                                         )      Bankruptcy Case No. 05-00184
                                         )             (Chapter 7)
            Debtor,                      )
_____  )
                                         )
Marc E. Albert, Trustee of the           )
Bankruptcy Estate of                     )
Diane Howell-Robinson                    )
                                         )
            Appellee,                    )
v.                                       )      On Appeal from the U.S. Bankruptcy
                                         )      Court for the District of Columbia
Diane Howell-Robinson                    )      Judge S. Martin Teel  Presiding Judge
                                         )
            Appellant.                   )
_____  )

## CERTIFICATION OF COUNSEL AS TO PARTIES, RULINGS AND RELATED CASES

     Marc E. Albert, Trustee of the Chapter 7 estate of Diane Howell-Robinson ("Trustee") hereby certifies that the following information is true and correct to the best of the Trustee's knowledge:

     **A.**    **Parties.**

     The Trustee and Diane Howell-Robinson appeared in the proceeding before the United States Bankruptcy Court involving the Order under review. There are no interveners in this case.

     **B.**    **Rulings Under Review**.

     On July 8, 2005, the Debtor filed her Notice of Appeal of an Order entered by the United States Bankruptcy Court for the District of Columbia. The Order sustained the Trustee's objection to the Debtor's claim to an exemption in the proceeds of a personal injury award.

**C.      Related Cases.**

There are no related cases.

Dated: September 21, 2005.

                                     Respectfully submitted,

                                     /s/ Darrell W. Clark
                                     Darrell W. Clark (No. 450273)
                                     Stinson Morrison Hecker LLP
                                     1150 18th Street, N.W. ,Suite 800
                                     Washington, DC 20036-3816
                                     Telephone: 202-785-9100
                                     Fax: 202-785-9163
                                     Attorneys for Marc E. Albert, Trustee of the
                                     Chapter 7 estate of Diane Howell-Robinson

ii

## TABLE OF CONTENTS

CERTIFICATION OF COUNSEL AS TO PARTIES, RULINGS AND RELATED CASES ...................................................................................................... i

TABLE OF AUTHORITIES ................................................................... iv

STATEMENT OF ISSUES PRESENTED ON APPEAL ............................................ 1

STANDARD OF REVIEW ...................................................................... 1

STATEMENT OF THE CASE AND STATEMENT OF FACTS.................................... 1

SUMMARY OF ARGUMENT .................................................................. 3

ARGUMENT .................................................................................. 3

   A.  The Debtor Offers No Justification For Overturning *In re Lewis*. ..................... 3

      1.  In re Lewis Correctly Decided That The D.C. Code Does Not Create An Exemption For Personal Injury Awards. ................................................. 3

      2.  Judge Teel Considered Debtor's Evidence and "Legislative History" And Correctly Concluded That It Provided No Interpretive Guidance. .............................. 5

      3.  The Debtor's Speculation Is An Insufficient Basis For Overturning Precedent And Re-writing The Statute. ...................................................... 6

   B.  Essentially Debtor's Appeal Seeks To Improperly Combine Federal And District Exemptions By Choosing The D.C. Homestead Exemption And Federal Personal Injury Exemption. .......................................................................... 7

CONCLUSION................................................................................. 8

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Alcom America Banking v. Arab Banking Corporation*, 48 F.3d 539 (D.C. Cir. 1995)................. 1

*In re Lamie,* 540 U.S. 526 (2004) ....................................................................................... 4, 6, 7

*In re Lewis*, 305 B.R. 610 (Bankr. D.C. 2004) .......................................................... 2, 3, 4, 5, 7, 8

*In re Mantra,* 314 B.R. 723 (Bankr. N.D.Ill. 2004)....................................................................... 7


**STATUTES**

11 U.S.C. § 330 (West 2004)............................................................................................................ 4

11 U.S.C. § 522(d)(11)(D) (West 2004) ......................................................................................... 3

D.C. Code Ann. § 15-501 (a)(11)(D) (West 2004)........................................................... 1, 2, 3, 5

D.C. Code Ann. § 15-501(a)(14) (West 2004) ............................................................................... 6

D.C. Code Ann. §15-501 (West 2004) ............................................................................................ 1

Va. Code Ann. § 34-4 (West 2004) ................................................................................................. 6


**OTHER AUTHORITIES**

MD Cts. & Jud. Proc. Code Ann. § 11-504(f) (Michie 2004) ....................................................... 6

## STATEMENT OF ISSUES PRESENTED ON APPEAL

Did the Bankruptcy Court err when it followed established precedent and ruled that the D.C. Code Ann. 15-501 (a)(11)(D) (West 2004) does not establish an exemption for a personal injury award?

## STANDARD OF REVIEW

The decision by the Bankruptcy Court is a conclusion of law and is therefore reviewed by the District Court using a *de novo* standard. *Alcom America Banking v. Arab Banking Corporation*, 48 F.3d 539 (D.C. Cir. 1995).

## STATEMENT OF THE CASE AND STATEMENT OF FACTS

(a) *The Debtor's Bankruptcy Case.*

On February 14, 2005, the Debtor filed her petition for relief under Chapter 7 of the Bankruptcy Code. Appellant's Brief, at 5. Marc E. Albert was appointed Trustee of the Debtor's bankruptcy estate (the "Trustee").

On her schedules, the Debtor listed, among other things, the following assets: (1) an interest in real property located in the District of Columbia with a current market value of $250,000.00 and a $180,000.00 mortgage (Schedules A and D); and (2) a personal injury award in the amount of $58,000.00 (Schedule B). On Schedule C, the Debtor claimed each of these assets as exempt under specific provisions of D.C. Code Ann. §15-501 *et seq*. (West 2004).

(b) *The Trustee's Objection.*

On April 11, 2005 the Trustee filed a timely objection to the Debtor's exemption in the personal injury award.[1] Objection to Exemption ("Objection") at 2. The Trustee, citing *In re Lewis*, 305 B.R. 610 (Bankr. D.C. 2004) noted that D.C. Code Ann. §15-501(a)(11)(D) does not create any exemption in personal injury proceeds, and thus the proceeds are property of the

---

[1] The Trustee also objected to a tax refund listed on Schedule B that is not at issue on appeal.

bankruptcy estate, not the Debtor. *Id.* As is evident from reading the statute, the words do not create an exemption for personal injury awards.

> D.C. Code Ann. § 15-501 (a)(11)(D) provides in relevant part:
>
> § 15-501 Exempt Property of Household; property in transitu; debt for wages.
>
> > (a) The following property . . . is free and exempt from distraint, attachment, levy or seizure and sale on execution or decree of any court in the District of Columbia:
> > (11) The debtor's right to receive property that is traceable to
> > (D) a payment, including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent…

(c) *The Bankruptcy Court Decision.*

On June 14, 2005 the Bankruptcy Court conducted a hearing on the Trustee's Objection. On June 29, 2005 the Bankruptcy Count entered its Order Sustaining Trustee's Objection To Debtor's Exemption ("Order"), which sustained the Trustee's objection to the personal injury exemption and required the Debtor to turn over the personal injury proceeds to the Trustee. The Bankruptcy Court held that because the Debtor elected the D.C. exemptions, the Debtor's personal injury settlement was not exempt. Order, at 2 (citing *In re Lewis*, 305 B.R. 610 (Bankr. D.C. 2004).

On July 8, 2005, the Debtor filed her Notice of Appeal and Motion for Leave to Appeal. On July 14, 2005 the Bankruptcy Court granted the Debtor's Motion for Leave to Appeal.

2

## SUMMARY OF ARGUMENT

D.C. Code Ann. § 15-501(a)(11)(D) does not create an exemption for the proceeds of a personal injury award. The Bankruptcy court correctly identified *In re Lewis*, 305 B.R. 610 (Bankr. D.C. 2004) as controlling precedent, and the Debtor fails to cite any authority for overturning it. Moreover, although the Debtor seeks to have the Court re-write the D.C. Code to find an exemption where none exists, this is the responsibility of the legislative body of the District of Columbia. Finally, equity does not favor the Debtor, as she will receive exactly what the Code requires based on her choice of the D.C. exemptions over the federal exemptions.

## ARGUMENT

**A.    The Debtor Offers No Justification For Overturning *In re Lewis*.**

**1.    *In re Lewis* Correctly Decided That The D.C. Code Does Not Create An Exemption For Personal Injury Awards.**

The Debtor admits that D.C. Code Ann. § 15-501(a)(11)(D) is uncertain, not clear, not definite, and ambiguous. Appellants' Brief, at 8. On this point, the Debtor, the Trustee, and Judge Teel, who wrote *In re Lewis*, 305 B.R. 610, 611-612 (Bankr. D.C. 2004), are in complete agreement. Following his review of § 15-501(a)(11)(D) in *Lewis*, Judge Teel noted that

> [a] close examination of the District's statute … reveals that it fails to create any cognizable exemption. On its face, the statute exempts 'the debtor's right to receive property that is traceable to … a payment … of the debtor.' As it is written, this provision is gibberish and exempts nothing.

*Id*. at 611-12. Based on this, the Court held that it was not

> in a position to fabricate an exemption where the statute's plain language creates no cognizable exemption.  The court cannot rewrite the statute.  The court thus finds that § 15-501(a)(11)(D) does not create any exemption.  If the legislature intended to enact a provision creating an exemption similar to the one provided in 11 U.S.C. § 522(d)(11)(D), it must amend D.C. Code Ann. § 15-501(a)(11)(D) to make such an exemption, and make clear what is being exempted instead of leaving it to guesswork.

3

*Id*. at 613.

In reaching its decision, the Court relied in part on the recent Supreme Court decision in *In re Lamie,* 540 U.S. 526 (2004). *See In re Lewis*, 305 B.R. at 613. *In re Lamie* is instructive because it involved a question of statutory interpretation arising under the Bankruptcy Code. In *Lamie*, the debtor's attorney filed a fee application under 11 U.S.C. § 330 (West 2004) which, prior to the 1994 Amendment, provided that "(a) After notice to any parties in interest…the court may award to …the debtor's attorney …(1) reasonable compensation .…" *Id*. at 530.    The Office of the United States Trustee objected to the fee application arguing that the 1994 Amendment eliminated the phrase "the debtor's attorney" from the list of those professionals who could request fees under 11 U.S.C. § 330.  *Id*. at 530-31.  Similar to this case, the appellant in *Lamie* argued that the law in question was an "apparent legislative drafting error." *Id*.  The appellant cited to legislative history and policy considerations "supporting the conclusion that a scrivener's error obscures what was Congress' real intent."  *Id*. at 539. The bankruptcy court sustained the trustee's objection, and the district court, the court of appeals and the Supreme Court affirmed the bankruptcy court decision. The Supreme Court stated that it would not re-write the legislation even if doing so would avoid an otherwise harsh result:

> If Congress enacted into law something different from what it intended, then it should amend the statute to conform to its intent. 'It is beyond our province to rescue Congress from its drafting errors and to provide for what we might think . . .is the preferred result.' This allows both of our branches to adhere to our respective, constitutional roles.

540 U.S. at 542 (citation omitted); *see In re Lewis*, 305 B.R. at 613.

The debtor has offered no authority that challenges the above.  Further, just as in *Lamie*, several legislative sessions have come and gone without correction of the statute in question.

### 2. Judge Teel Considered Debtor's Evidence and "Legislative History" And Correctly Concluded That It Provided No Interpretive Guidance.

The Debtor argues that *In re Lewis* should be overturned because the Debtor has discovered certain "legislative history," that Judge Teel failed to consider in *Lewis*, that purportedly makes the intention of the drafters "abundantly clear." Appellant's Brief, at 10. Specifically, the Debtor argues that two statements taken from the act that created § 15-501(a)(11)(D) conclusively establish its meaning:

1.    There was an intent "to modernize the District of Columbia bankruptcy statute by updating the list of the District's exemptions."

2.    "The purposes are to make the list of exemptions in the District's bankruptcy statute more generous for the debtor."

Appellants' Brief, at 10.

Even assuming *arguendo* that Judge Teel failed to consider this information in *Lewis*,[2] what the Debtor fails to point out is that Judge Teel *did* consider this information in this case, because the Debtor raised this issue at the hearing on the Objection. After reviewing the Debtor's material, Judge Teel observed:

> [T]he legislative language quoted to me doesn't persuade me that Lewis was erroneously decided.  It says it adopts several exemptions from the U.S. Bankruptcy Code, but it does not say that it was adopting this particular exemption.  It says it's trying to make the exemptions more generous for the debtor, but if you look at the old D.C. law that was being amended, there was practically nothing there for debtors.  And I still have the same problem that I don't know what limit, if any, they intended to place upon this type of injury, if that's what they were trying to do, and what limitations, if any, they were trying

---

[2] In *Lewis*, Judge Teel noted that "there was no legislative history" to guide its interpretation of § 15-501(a)(11)(D). *In re Lewis*, 305 B.R. at 613. Of course, whether Judge Teel had access to or considered the Debtor's "legislative history," which does not mention 15-501(a)(11)(D) at all, is not clear.

to impose. They did not say, "We are adopting all of the federal exemptions."

I think the legislature has a responsibility to enact a statute that can be interpreted in a meaningful way, that makes sense, and the statute that they enacted just doesn't make any sense whatsoever. And they've got it within their power to amend the statute at any time to correct this obvious mangled language and to make clear exactly what, if anything, is to be exempted and what the limits are.

Transcript of Hearing, at 19-20.

The Debtor has offered nothing new here that warrants further examination of this issue.

### 3. The Debtor's Speculation Is An Insufficient Basis For Overturning Precedent And Re-writing The Statute.

Although Judge Teel told the Debtor that her "legislative history" was, at best, inconclusive, the Debtor nonetheless offers the wholly speculative opinion that, because of *geographic* proximity, the D.C. statute was most likely modeled after the Virginia and Maryland exemptions. Of course if this were true, Debtor's homestead exemption in her residence would be capped at $6,000 in Maryland and $5,000 in Virginia. MD Cts. & Jud. Proc. Code Ann. § 11-504(f) (Michie 2004) and Va. Code Ann. § 34-4 (West 2004). Instead, the Debtor is enjoying her unlimited homestead exemption. D.C. Code Ann. § 15-501(a)(14) (West 2004).

Further, the legislative history cited by the Debtor does not mention either Virginia or Maryland, yet it does mention "several exemptions from the United States Bankruptcy Code …." Appellants' Brief, at 10. Of course, the federal exemption caps personal injury proceeds at $18,450.00 and therefore does not create the unlimited exemption that the Debtor seeks.

In sum, the Debtor now asks this Court to do precisely what the Supreme Court and Judge Teel (twice) declined to do: re-write the statute to create an exemption tailored to the Debtor's situation. However, the Court is not a legislative body. According to *Lamie*, speculation or conjecture as to the intent of the District of Columbia in drafting D.C. Code Ann. § 15-501 (West 2004) provides an insufficient basis for overturning established precedent and re-writing a

statute. *In re Lamie,* 540 U.S. at 542.

      **B.**      **Essentially Debtor's Appeal Seeks To Improperly Combine Federal And District Exemptions By Choosing The D.C. Homestead Exemption And Federal Personal Injury Exemption.**

Finally, seeking a way around the clear and well-reasoned holding of *In re Lewis*, the Debtor suggests that equity favors granting the requested exemption. Appellant Brief, at 12 (noting that "Bankruptcy cases sound in equity.").   It is true that one of the underlying purposes of the Bankruptcy Code is to afford a "fresh start" for the honest but unfortunate debtor. *In re Mantra,* 314 B.R. 723, 727 (Bankr. N.D.Ill. 2004). It is also true that the Debtor will receive her "fresh start" without this Court attempting to rewrite the District of Columbia Code.

The Debtor is also not entitled to a head start.  To begin with, the Debtor has already discharged approximately $168,000.00 in unsecured debt. Schedule F.  Debtor admitted in cross-examination that these discharged debts are the very creditors relating to her accident.  Transcript page 11.  If affirmed, the Trustee would use the personal injury proceeds to pay these creditors pro rata with all other similarly situated creditors.

Moreover, it is important to realize that the Debtor could have exempted part of the personal injury proceeds by choosing the federal exemptions rather than the D.C. exemptions. Discussing the Debtor's election of the D.C. exemptions, Judge Teel stated:

> The Court notes that if the Debtor had elected the federal exemptions, her interest in the personal injury proceeds would be capped at $18,450.00 and her interest in her residence would also be capped at a sum certain. By electing the D.C. exemptions, the Debtor has protected her residence as exempt under the District of Columbia's "unlimited" homestead exemption ….

Order, at 2. Thus, the Debtor's election of the District of Columbia exemptions enabled her to

7

exempt the entire value of her homestead,[3] rather than a capped amount.[4] Presumably, the Debtor and her counsel considered both options before choosing the D.C. exemptions, and concluded that the Debtor was better of with the unlimited homestead exemption and no personal injury exemption (per *In re Lewis*), than with the federal exemptions.

Clearly there is nothing inequitable about giving the debtor exactly what she chose.

## <u>CONCLUSION</u>

For the reasons stated above, the Order of the Bankruptcy Court should be affirmed.


Dated: September 21, 2005                          Respectfully submitted,


                                                   /s/ Darrell W. Clark
                                                   Darrell W. Clark (No. 450273)
                                                   Stinson Morrison Hecker
                                                   1150 18th Street, N.W., Suite 800
                                                   Washington, DC 20036-3816
                                                   Telephone:  202-785-9100
                                                   Fax: 202-785-9163
                                                   Attorneys for Marc E. Albert, Trustee of the
                                                   Chapter 7 estate of Diane Howell-Robinson

---

[3] The actual value of the homestead may be significantly greater than the $250,000.00 listed in Schedule A. Transcript, at 13-14.

[4] The Debtor's own Schedule D shows equity in her residence of $70,000.  This equity, together with the discharge of over $168,000 in debt provides the Debtor with her fresh start.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Brief of the Appellee was served via first class mail this 21st day of September, 2005 to:

Jay L. Jensen
Attorney for Appellant
4946 Bel Pre Road
Rockville, MD 20853


Office of the U.S. Trustee
Suite 210
115 South Union Street
Alexandria, Va. 22314


/s/ Darrell W. Clark
Darrell W. Clark