IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                      }
In re:                                }
                                      }
DIANE HOWELL-ROBINSON                 }      District Court Civil Case No.
                                      }           05-1660
                                      }      Bankruptcy Case No.: 05-00184
           Debtor                     }           (Chapter 7)
_____}
                                      }
MARC E. ALBERT, Chapter 7 Truistee    }
           Appellee                   }
                                      }
v.                                    }
                                      }
DIANE HOWELL-ROBINSON                 }
           Appellant                  }
                                      }
_____}

## APPELLANT'S REPLY BRIEF

COMES NOW Diane Howell-Robinson, the Appellant/Debtor, by and through her undersigned attorney, Jay L. Jensen, and submits her Appellant's Reply Brief.

Dated: October 1, 2005                         Respectfully submitted,

                                                  /s/ Jay L. Jensen
                                               _____

                                               Jay L. Jensen  FB #419697
                                               Attorney for Appellant
                                               4946 Bel Pre Road
                                               Rockville, MD 20853
                                               (301) 871-5078
                                               Counsel for the Appellant/Debtor

## TABLE OF CONTENTS

Table of cases, statutes and other authorities cited……………………….…page 2

Argument…………………………………………………………………….page 4

Conclusion……………………………………………………………………. page 6

Certificate of service…………………………………………………………...page 7

# TABLE OF CASES, STATUTES AND OTHER AUTHORITIES CITED

## CASES

*Bedroc Ltd. v. United States*, 541 U.S. 176 (2004)……………………………….page 5

*Camminetti v. United States,* 242 U.S. 470 (1917)………………………….page 4

*Faircloth v. Lundy Packing Co.*, 91 F.3d 648 (4th Cir. 1996)……………...page 5

*Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*,

      530 U.S. 1 (2000)……………………………………………………page 4

*Hughes Aircraft Co. v. Jacobson,* 525 U.S. 432 (1999)…………………….page 4

*In re Lamie,* 540 U.S. 526 (2004)…………………………………………...page 4,5

*In re Lewis*, 305 BR. 610 (2004)……………………………………………page 4, 5

*Newport News Shipbuilding & Dry Dock Co. v. Brown,*

      376 F.3d 245 (4th Cir. 2004)……………………………………….page 5

*Robinson v. Shell Oil Co.* 519 U.S. 337, (1997)…………………………  ...page 5

*United States v. Ron Pair Enterprises*, 489 U.S. 235 (1989)……………….page 4

## STATUTES

D.C. Code Ann. §15-501(a)(11)………………………………………… page 4

D.C. Code Ann. §15-501 (a)(11)(D)……………….…………………… page 4, 5

## OTHER AUTHORITIES

Transcript of Bankruptcy Court hearing on 6/14/2005

   in case no.: 05-00184……………………………………………..page 5

## ARGUMENT

Appellant, Appellee and *In re Lewis,* 305 B.R. 610 (Bankr. D.C. 2004), are in agreement that D.C. Code Ann. §15-501(a)(11) as written is uncertain, not clear, not definite and ambiguous.  Appellee's Brief, at 3.  However, Appellee and *Lewis* mistakenly rely on *In re Lamie*, 540 U.S. 526 (2004), to arrive at the conclusion that because the statute is ambiguous it should be held a nullity with no force or effect.  In *Lamie*, the Supreme Court instructed that

> The starting point in discerning congressional intent is the existing statutory text, see *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438, 119 S.Ct. 755, 142 L.Ed.2d. 881 (1999), and not the predecessor statutes.  It is well established that "when the statute's language is plain, the sole function of the courts--at least where the disposition required by the text is not absurd--is to enforce it according to its terms." *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.,* 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) (internal quotation marks omitted) (quoting *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (in turn quoting C*amminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 61 L.Ed. 442 (1917))).  So we begin with the present statute.

*Id.* at 534.  The Court found that the statute was awkward and even ungrammatical, "but that does not make it ambiguous on the point at issue." *Id.*  In fact, there was a <u>plain meaning to the statute</u> in question.  The Court therefore refused to interpret the statute to reach a result beyond the plain meaning.  Because there is no way to read D.C. Code Ann. §15-501(a)(11) to arrive at a <u>plain meaning</u>, it is clear that the application of *Lamie* is inappropriate.

When faced with an ambiguous statute that has no plain meaning, it is well settled that a court should look to the legislative history.  As stated in Appellant's Brief at 9

4

> The "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.,* 519 U.S. 337, 340 (1997).  In determining whether a statute is plain or ambiguous, a court must consider the specific language employed, the specific context of that language, and the broader context of the statute as a whole. *Id*. at 341. A statute is ambiguous if its language is susceptible to more than one reasonable interpretation. *Newport News Shipbuilding & Dry Dock Co. v. Brown,* 376 F.3d 245, 248 (4th Cir. 2004). "If the statutory language is clear and unambiguous, our inquiry ends there." *Faircloth v. Lundy Packing Co.*, 91 F.3d 648, 653 (4th Cir. 1996). If, however, a statute is ambiguous, resort to legislative history is appropriate. *Bedroc Ltd. v. United States*, 541 U.S. 176, 187, 124 S.Ct. 1587, 1595 (2004).

From the legislative history it is clear that the District of Columbia legislature intended to create an unlimited exemption for a payment to a debtor on account of personal bodily injury including pain and suffering or compensation for actual pecuniary loss of the debtor or the debtor's dependants.

Appellee further argues that the Bankruptcy Court considered the legislative history as orally presented at the hearing on June 14, 2005.  What the Appellee fails to quote is the Bankruptcy Court's statement that indicates at least a degree of equivocation:

> My inclination is to stick by *Lewis* and to let the issue go up on appeal if you want to pursue an appeal.  I think the issue ought to be taken up on appeal by somebody, and my prediction is the D.C. Circuit would bump it over to the District of Columbia Court of Appeals for it to settle this issue of state law.

Transcript of Hearing, at 19.

Finally, Appellee argues that the Appellant is seeking to combine Federal and District of Columbia exceptions to obtain a "head start" vice a fresh start.  This contention is based upon a mistaken interpretation of *Lamie* and completely ignores the intent of the District of Columbia legislature and Supreme Court precedent concerning

5

ambiguous statues. In fact, appellant seeks only that which the District of Columbia legislature intended her to have, *i.e.* an unlimited exemption for her right to receive, or for property that is traceable to a payment to her on account of personal bodily injury including her pain and suffering.

It is difficult to understand how it can be urged that is more equitable to ignore the clear intent of the legislature of the District of Columbia and Supreme Court precedent to favor institutional creditors over a poor woman who has and will continue to suffer through no fault of her own.

## CONCLUSION

Appellant continues to seek a finding that D.C. Code Ann. § 15-501(a)(11)(D) exempts the debtor's right to receive, or property that is traceable to an unlimited payment to the debtor on account of personal bodily injury including pain and suffering or compensation for actual pecuniary loss of the debtor or the debtor's dependants.

Dated: October 1, 2005                                  Respectfully submitted,

                                                        /s/ Jay L. Jensen
                                                        _____

                                                        Jay L. Jensen  FB #419697
                                                        Attorney for Appellant
                                                        4946 Bel Pre Road
                                                        Rockville, MD 20853
                                                        (301) 871-5078
                                                        Counsel for the Appellant/Debtor

Case 1:05-cv-01660-RWR    Document 4    Filed 10/01/2005    Page 8 of 9

## CERTIFICATE OF SERVICE

      I HEREBY certify that a copy of the foregoing Appellant's Reply Brief was mailed this 1st October 2005, postage prepaid, first class to Darrell W. Clark, Counsel for the Chapter 7 Trustee, Stinson Morrison Hecker LLP, 1150 18th Street, N.W., Suite 800, Washington, D.C. 20036-3816 and to the Office of the U.S. Trustee, Suite 210, 115 South Union Street, Alexandria, VA 22314.

      /s/ Jay L. Jensen
      _____
      Jay L. Jensen