**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
DIANE HOWELL-ROBINSON,         )
                               )
         Debtor/Appellant,     )
                               )
         v.                    )    Civil Action No. 05-1660 (RWR)
                               )
MARC E. ALBERT,                )
                               )
         Trustee/Appellee.     )
_____)
```

<u>MEMORANDUM OPINION</u>

Debtor Diane Howell-Robinson appeals the bankruptcy court's decision that $58,000 in proceeds from a personal injury settlement were not exempt from inclusion in a bankruptcy estate under District of Columbia Code § 15-501(a)(11)(D). Howell-Robinson claims that personal injury proceeds are a valid exemption under District of Columbia law. Marc Albert, the trustee, asserts that no such exemption exists. Because Howell-Robinson has not shown that the statute's text or legislative history creates an exemption, the bankruptcy court's judgment denying the debtor's claimed exemption will be affirmed.

<u>BACKGROUND</u>

Howell-Robinson was injured in a car accident and received $58,000 in a personal injury settlement. (Appellant's Br. at 5-6.) Due to her medical expenses, Howell-Robinson filed for bankruptcy under Chapter 7 of the Bankruptcy Code. (<u>Id.</u> at 5.)

2

In the District of Columbia, a debtor can choose property
exemptions based on federal bankruptcy law or on District of
Columbia law, In re Lewis, 305 B.R. at 614, and Howell-Robinson
chose the latter.  In the bankruptcy filing, she listed the
proceeds of the personal injury award as exempt under D.C. Code
§ 15-501(a)(11)(D), which reads:

> The following property . . . is free and exempt from
> distraint, attachment, levy, or seizure and sale on
> execution or decree of any court in the District of
> Columbia: . . . (11) the debtor's right to receive
> property that is traceable to . . . a payment,
> including pain and suffering or compensation for actual
> pecuniary loss, of the debtor or an individual of whom
> the debtor is a dependent.

D.C. Code § 15-501(a)(11)(D).

Albert objected to the exemption, arguing that "D.C. Code
Ann. § 15-501(a)(11)(D) does not create any exemption in personal
injury proceeds, and thus the proceeds are property of the
bankruptcy estate, not the Debtor."  (Appellee's Br. at 1-2.)
The bankruptcy court sustained Albert's objection, relying on its
prior decision in In re Lewis, 305 B.R. 610 (Bankr. D.D.C. 2004).
(See Appellant's Designation of Record, Ex. 2 (Order of
Bankruptcy Ct.) at 2-3.)  In In re Lewis, the bankruptcy court
concluded that the text of § 15-501(a)(11)(D) did not create an
exemption, and that since the court had not been presented with
any legislative history of the D.C. statute, there was no basis
to speculate about the intent of the District of Columbia Council
("Council").  305 B.R. at 613.  Instead, the court used the

3

principles followed by the United States Supreme Court to interpret the statute.  <u>Id.</u> at 613-14.  At Howell-Robinson's bankruptcy hearing, the available legislative history was presented and considered, but the court declined to depart from its reliance upon <u>In re Lewis</u>.  (<u>See</u> Appellant's Designation of Record, Ex. 6 (Tr. of Bankr. Hr'g on Objection to Debtor's Claim of Exemptions Filed by Marc. E. Albert ("Hr'g Tr.")) at 19:1-2.)

Howell-Robinson argues on appeal that the bankruptcy court erred because the legislative history supports her interpretation that § 15-501(a)(11)(D) exempts her personal injury proceeds without limit and that any ambiguity in the statute should be interpreted in her favor.  (Appellant's Br. at 11-12.)  Albert seeks affirmance of the bankruptcy court's decision arguing that the statute should not be rewritten and that equity does not favor creating an exemption.  (Appellee's Br. at 3.)

<u>DISCUSSION</u>

I.   STANDARD OF REVIEW

"If dissatisfied with the Bankruptcy Court's ultimate decision, [a party] can appeal 'to the district court for the judicial district in which the bankruptcy judge is serving[.]'"  <u>Celotex Corp. v. Edwards</u>, 514 U.S. 300, 313 (1995) (citing 28 U.S.C. § 158(a)).  A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings."  Fed. R. Bankr.

4

P. 8013; <u>In re WPG, Inc.</u>, 282 B.R. 66, 68 (D.D.C. 2002).  Because

Howell-Robinson's appeal involves a legal question, the

bankruptcy court's determination will be reviewed *de novo*.  <u>Alcom</u>

<u>Am. Corp. v. Arab Banking Corp.</u>, 48 F.3d 539 (D.C. Cir. 1995);

<u>Miles v. I.R.S.</u>, Civ. Action No. 06-1275 (CKK), 2007 WL 809789,

at *3 (D.D.C. Mar. 15, 2007); <u>In re Johnson</u>, 236 B.R. 510, 518

(D.D.C. 1999).

II.  STATUTORY INTERPRETATION

Federal courts in this jurisdiction generally "defer to the

District of Columbia Court of Appeals on questions of statutory

interpretation" involving the D.C. Code unless the court "detects

an egregious error."  <u>United States v. Edmond</u>, 924 F.2d 261, 264

(D.C. Cir. 1991).[1]  The District of Columbia Court of Appeals

---

[1]    <u>See also</u> <u>In re Norris</u>, 413 F.3d 526, 527 (5th Cir. 2005)
(stating that when the debtor selects the state exemptions, the
exemption rights are determined according to state law); <u>In re</u>
<u>Bradley</u>, 294 B.R. 64, 68 (8th Cir. 2003) (noting that when the
debtor claims a state created exemption, the "scope of the claim
is determined by state law"); <u>In re Vigil</u>, 74 Fed. Appx. 19, 21
(10th Cir. 2003) (looking to Wyoming law to interpret a state
bankruptcy exemption); <u>In re Goldman</u>, 70 F.3d 1028, 1029 (9th
Cir. 1995) (stating that "[i]n bankruptcy actions, 'the federal
courts decide the merits of state exemptions, but the validity of
the claimed state exemption is controlled by the applicable state
law' . . . [and therefore the court was] 'bound by California
rules of construction in [its] independent interpretation of the
California statutes at issue'"); <u>In re Ashley</u>, 317 B.R. 352, 359
(Bankr. C.D. Ill. 2004) (noting that interpreting a state law
required the federal court to "determine the question as it
predicts the Supreme Court of Illinois would" and to follow
Illinois' rules of statutory interpretation).  While neither
party raised the issue of what rules of statutory interpretation
to follow, the District of Columbia's rules are applied here.

interprets a statute by first looking at the text.  The statute's
words are to be interpreted "'according to their ordinary sense
and with the meaning commonly attributed to them.'" <u>Peoples Drug
Stores, Inc. v. Dist. of Columbia</u>, 470 A.2d 751, 753 (D.C. 1983)
(quoting <u>Davis v. United States</u>, 397 A.2d 951, 956 (D.C. 1979)).
When the plain meaning is unambiguous, the intent of the Council
is not called into question and the plain meaning should be used.
However, a court can look to the legislative history when there
are ambiguities underlying a statute's superficial clarity, when
the plain meaning result would be absurd or would result in an
obvious injustice, or in order "to effectuate the legislative
purpose" when the plain meaning contradicts the statute's
purpose.  <u>Id.</u> at 754.  These exceptions should not "swallow" the
general plain-meaning rule and the court should "look beyond the
ordinary meaning of the words of a statute only where there are
persuasive reasons for doing so." <u>Carter v. State Farm Mut.
Auto. Ins. Co.</u>, 808 A.2d 466, 471 (D.C. 2002) (stating that there
are "'strong policy reasons for maintaining the certainty,
fairness, and respect for the legal system that the plain meaning
rule engenders in most instances'") (internal quotation marks
omitted).

      The District of Columbia Court of Appeals has not
interpreted § 15-501(a)(11)(D).  <u>In re Lewis</u> held that the
statute's text exempting "the debtor's right to receive property

6

that is traceable to . . . a payment . . . of the debtor" does
not create any cognizable bankruptcy exemption for personal
injury proceeds.  305 B.R. at 611-12 (describing § 15-
501(a)(11)(D) as "gibberish") (emphasis omitted) (internal
quotation marks omitted).  The court rejected the suggestion
Howell-Robinson makes now that the statute be read to exempt
property traceable to a payment "to" the debtor (Appellant's
Reply Br. at 5, 6) since "it would allow a debtor to exempt all
property traceable to payments made to her without any limitation
as to the character of the payments."  In re Lewis, 305 B.R. at
612.  The court found that without specifying "the source of the
payment that is to be exemptible[,]" id. at 613, the exemption
would swallow the rule.  Id. at 612.  While Howell-Robinson also
suggests that the payments be deemed to be those on account of
personal bodily injury, In re Lewis' apt observation that the
debtor sought "not a construction of a statute, but, in effect,
an enlargement of it by the court, so that what was omitted,
presumably by inadvertence, may be included within its scope[,]"
305 B.R. at 613, applies here.

7

The plain meaning of the text of § 501(a)(11)(D) is far from apparent,[2] and its ambiguity[3] allows resort to the legislative history for guidance.  The legislative history presented here -- a committee report to the D.C. Council accompanying the proposed legislation, and a public hearing transcript -- is spare. (Appellant's Designation of Record, Ex. 7 (Council of the District of Columbia, Committee on the Judiciary, November 16, 2000 Report on Bill 13-298, The Omnibus Trusts and Estates Amendment Act of 2000 ("Report")).)  The Report states that the "Committee adopts several exemptions from the United States Bankruptcy Code (11 U.S.C. § 522(d)).  The purposes are to make the list of exemptions in the District's bankruptcy statute more generous for the debtor and to modernize the District's bankruptcy exemptions."[4]  (Report at 6; see id. at 72.)  It refers to supporting a list of "reasonable but generous" exemptions.  (Id. at 6.)

---

[2]    For example, read literally, § 15-501(a)(11) exempts only the debtor's "right to receive property traceable to certain types of payments, but not . . . the right to receive the payment, or even . . . the payment once it is in the hands of the debtor[.]"  In re Lewis, 305 B.R. at 612 n.3.

[3]    Ambiguity is "[a]n uncertainty of meaning or intention, as in a contractual term or statutory provision."  Black's Law Dictionary 88 (8th ed. 2004).

[4]    The report cited as a "dated" exemption "one horse or mule; . . . one automobile . . . not exceeding $500 in value."  (Report at 6 (citing the former text of D.C. Code § 15-501(a)(7)).)

8

Howell-Robinson claims it is "abundantly clear" from the legislative history that the drafters of § 15-501(a)(11)(D) intended to create an exemption for property traceable to an unlimited payment on account of personal bodily injury. (Appellant's Br. at 12.)  The Council incorporated into § 15-501(a)(11) the text of some federal exemptions from 11 U.S.C. § 522(d) verbatim.  (Report at 6.)  However, § 15-501(a)(11)(D) differs from the federal personal injury exemption, which exempts "[t]he debtor's right to receive, or property that is traceable to . . . a payment, not to exceed $20,200, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent."  11 U.S.C. § 522(d)(11)(D).[5]  The D.C. exemption includes no monetary cap and fails to identify with any clarity the type of payment that is covered.  The federal exemption clearly identifies "a payment . . . on account of personal bodily injury," while the D.C. exemption refers to "a payment . . . of the debtor[,]" whatever that may be.  Howell-Robinson argues that, despite drafting errors, the Council intended to make § 15-501(a)(11)(D) more favorable to debtors than its federal counterpart the same way the District's

---

[5]    The monetary cap was lower at the time the D.C. exemptions were updated.

9

homestead exemption did by removing the monetary cap appearing in
the federal statute.  (Appellant's Br. at 11.)

    A general statement in a committee report that the
exemptions were modified to be more generous does not provide a
means to determine here the availability, scope, and conditions
of a personal injury exemption.  As the bankruptcy court noted,
the Report does not state that the Council intended to adopt all
of the federal provisions or specify that it was adopting in full
the federal personal injury exemption.  (Hr'g Tr. at 19:11-15,
22-23.)  Indeed, the Council explicitly changed the text of the
federal personal injury exemption in § 522(d)(11).  The
bankruptcy court rightly worried that interpreting § 15-
501(a)(11)(D) as permitting an unlimited exemption for personal
bodily injury awards could judicially erect a class of exemptions
that the legislature's text modifications may have been intended
to dismantle.  The concern is also well founded that reading the
statute as permitting a debtor to exempt all property traceable
to any payments made to her would open an unbridgeable gap in the
bankruptcy system.  <u>See</u> <u>In re Lewis</u>, 305 B.R. at 612.  Such a gap
would certainly cut against the Council's stated aim of
supporting "reasonable" exemptions.  The Council had broad
discretion to shape the exemption, but the legislative history
does not provide any determinative guidance on the proper
interpretation of this provision.  <u>Cf. generally</u> <u>In re McDonald</u>,

10

279 B.R. 382, 384 (Bankr. D.D.C. 2002) (noting that the Council
deviated from the federal exemption by removing the monetary cap
and allowing an unlimited homestead exemption). (Cf. also Report
at 6 (stating that the Council decided against adopting the
federal exemption for jewelry).)

Howell-Robinson also speculates that the Council intended to
bring the District of Columbia's exemptions in line with those in
Maryland and Virginia. (Appellant Br. at 10.) Both Virginia and
Maryland have unlimited exemptions for personal injury judgments
and she argues that it was "evident that an 'update' of the
District's statute would need to address such proceeds." (Id. at
11.) However, the Report does not refer to Maryland's or
Virginia's exemptions or provide an indication of how much
consideration the Council gave to these neighboring
jurisdictions.[6]

Finally, Howell-Robinson asserts that the debtor should be
favored when there is an uncertainty over an exemption.

──────────────

[6]     In the public hearing transcript for Omnibus Trust and
Estate Amendment Act of 1999, one community member compared the
exemption of personal injury recoveries in the District to
federal, Maryland, and Virginia exemptions. (Council of the
District of Columbia, Committee on the Judiciary, Tr. of July 9,
1999 Public Round Table on Bill 13-298, The Omnibus Trust and
Estate Amendment Act of 1999 at 66-67.) However, this comment
does not illuminate the Council's intent, especially since
Committee Chairman Brazil's response was neutral, and there is no
further indication of what consideration was given to other
jurisdictions in shaping the final legislation. (See id.)

11

(Appellant's Br. at 12.)  When a statute is ambiguous and permits more than one interpretation, a court should "construe ambiguous exemption statutes liberally in favor of the debtor[.]"  In re Springman, 328 B.R. 251, 257 (Bankr. D.D.C. 2005).  However, Howell-Robinson's interpretation would inappropriately rewrite the statute based on speculative legislative history.  See In re Te.L., 844 A.2d 333, 339 (D.C. 2004) (stating that it is "'not within the judicial function . . . to rewrite the statute, or to supply omissions in it, in order to make it more fair'").  The Council has amended other subsections within § 15-501(a), and may need to amend § 15-501(a)(11)(D) to clarify the plain language. See Property Interest Amendment Act of 2006, D.C. Sess. Law. 16-270 (amending the text of § 15-501(a)(14)).

This case leads to two bad alternatives: interpret the statute in a way that re-writes it, or conclude that the Council enacted nothing in passing section 15-501(a)(11)(D).  Deciding that the statute exempts property traceable to a payment "to" the debtor would be legislating, well beyond the judicial charge. Likewise, a court should presume that a legislature did intend to act in passing a statute, and should strive in interpreting statutory language to give effect to what the legislature enacted.  Dist. of Columbia v. Morrissey, 668 A.2d 792, 798 (D.C. 1995) (noting that "'each provision of the statute should be construed so as to give effect to all of the statute's

12

provisions, not rendering any provision superfluous'"). See also
Dist. of Columbia v. Bender, 906 A.2d 277, 281 (D.C. 2006)
(stating that the court is "required to give effect to the
statute's plain meaning if the words are clear and unambiguous").
Here, though, there is no plain, unambiguous meaning of section
15-501(a)(11)(D). Giving effect to its literal text would make
little sense. The legislative history provides no definitive
interpretive guidance. Concluding that the Council did not
achieve its aim of enacting an exemption may be the lesser of the
bad alternatives. In any event, whatever the Council did
achieve, the exemption Howell-Robinson claims does not exist, as
unfortunate as her circumstances are.

CONCLUSION

    Because the plain text and the legislative history do not
establish that § 15-501(a)(11)(D) created an unlimited exemption
for personal injury proceeds, the judgment of the bankruptcy
court will be affirmed. An appropriate Order accompanies this
Memorandum Opinion.

    SIGNED this 20th day of March, 2008.


                         _____/s/_____
                         RICHARD W. ROBERTS
                         United States District Judge