UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DIANE HOWELL-ROBINSON | } | District Court Civil Case No. |
| | } | 05-1660 (RWR) |
| Debtor/Appellant | } | Bankruptcy Case No.: 05-00184 |
| | } | |
| v. | } | |
| | } | |
| MARC E. ALBERT | } | |
| | } | |
| Trustee/Appellee | } | |

## MOTION TO STAY JUDGMENT
## PENDING OUTCOME OF APPEAL

COMES NOW Diane Howell-Robinson, the debtor/appellant, by and through her undersigned attorney, Jay L. Jensen, and moves this Honorable Court to stay its judgment in the instant case and in support thereof states:

1. That she filed a Chapter 7 Bankruptcy case on February 14, 2005;

2. That the Bankruptcy Court denied her exemption of the proceeds of a personal injury settlement (hereinafter "proceeds") in the amount of $58,000, and she filed, in the Bankruptcy Court, an appeal to the U.S. District Court for the District of Columbia on July 8, 2005;

3. That the Chapter 7 trustee's counsel stated the proceeds would be held in an interest bearing account when he asked the Bankruptcy Court to order that the proceeds be delivered to the Trustee, which Order the Bankruptcy Court issued;

4. That the U.S. District Court affirmed the Bankruptcy Court on March 20, 2008;

5. That she filed an appeal in this case to the U.S. Circuit Court of Appeals for the District of Columbia Circuit on April 3, 2008;

6. That the Chapter 7 trustee filed a motion in the Bankruptcy Court on July 11, 2008 seeking permission to use the proceeds for the trustee's attorneys' fees;

7. That the Bankruptcy Court wrote an Memorandum Decision concerning the trustee's motion and issued an Order authorizing the trustee to use the proceeds for attorneys' fees

(administrative claims) but stated that the Order was without prejudice to the debtor/appellant's seeking a stay in either the District Court or the Court of Appeals pending the outcome of her appeal;

8. That if she prevails in her appeal, the entire amount of the proceeds will be exempt;

9. That, as discussed by the Bankruptcy Court in its Memorandum Decision, if the trustee's attorneys' fees are paid and the debtor/appellant prevails in the U.S. Court of Appeals, she would have to incur the time and expense of suing to recover the fees paid from exempt funds that would otherwise be immediately available to her;

10. That the least potential harm will be done and the most equitable result will occur by preserving the *status quo* – the proceeds will be available to the debtor/appellant should she prevail and to the trustee should she not prevail.

WHEREFORE, the debtor/appellant prays that this Honorable Court issue a stay of its judgment pending the outcome of debtor/appellant's appeal to the U.S. Court of Appeals.

Dated: August 4, 2008                              Respectfully submitted,

                                                   /s/ Jay L. Jensen
                                                   _____
                                                   Jay L. Jensen  FB #419697
                                                   Attorney for Appellant
                                                   4946 Bel Pre Road
                                                   Rockville, MD 20853
                                                   (301) 871-5078
                                                   Counsel for the Debtor

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was mailed, postage prepaid, first class, this 4th day of August 2008, to:

Darrell W. Clark, Esq.                             Office of the U.S. Trustee
Stinson Morrison Heckler, LLP                      Suite 210
1150 – 18th Street, N.W.                           115 South Union Street
Suite 800                                          Alexandria VA 22314
Washington DC 20036-3816

                                                   /s/ Jay L. Jensen
                                                   _____
                                                   Jay L. Jensen