UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Diane Howell-Robinson, | ) | District Court Case No. 05cv-1660 (RWR) |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | On Appeal from the U.S. Bankruptcy |
| v. | ) | Court for the District of Columbia |
| | ) | Judge S. Martin Teel  Presiding Judge |
| Marc E. Albert, Trustee of the | ) | Bankruptcy Case No. 05-00184 |
| Bankruptcy Estate of | ) | |
| Diane Howell-Robinson | ) | |
| | ) | |
| Appellee. | ) | |
| | ) | |

**TRUSTEE'S OPPOSITION TO MOTION TO STAY JUDGMENT
PENDING OUTCOME OF APPEAL**

COMES NOW, Marc E. Albert, Trustee of the Chapter 7 bankruptcy estate of Diane Howell-Robinson and Appellee in the above-captioned appeal, by and through his attorneys, Stinson Morrison Hecker LLP, and as his opposition to Debtor's motion to stay judgment pending outcome of appeal respectfully states as follows:

**BACKGROUND**

1.      The bankruptcy case from which this appeal stems was filed on February 14, 2005, when Diane Howell-Robinson ("Debtor") filed her Chapter 7 petition.  Marc E. Albert is the duly authorized and appointed Chapter 7 trustee ("Trustee") of the Debtor's bankruptcy estate.

2.      During the course of the Chapter 7 bankruptcy proceeding, a decision by Bankruptcy Judge Teel was appealed to this Court.  This Court affirmed Judge Teel's decision in its Memorandum Decision of March 20, 2008.  The Debtor appealed that decision to the U.S.

Court of the Appeals for the District of Columbia Circuit. Final briefs are due October, 2008 and no oral argument has been scheduled at this time.

3.      The appeal concerns the treatment of personal injury settlement proceeds in the amount of approximately $58,000. Following this Court's decision affirming Judge Teel, the Trustee filed a motion in the bankruptcy court seeking to use some of the proceeds. The bankruptcy court granted that motion over the Debtor's opposition.

4.      The Debtor now seeks a stay pending appeal in this Court.

## ARGUMENT

5.      In ruling for the Trustee, Judge Teel summarized the factors he considered relevant to the imposition of a stay pending appeal. A copy of the Memorandum Decision Re Motion to Authorize Payment of Professional Fees From Disputed Property or in the Alternative to Require the Debtor to Post a Bond for Professional Fees Incurred Pending Appeal, dated July 31, 2008, Case No. 05-00184, Docket Entry No. 54 ("July Decision") is attached as Exhibit A.

6.      In its motion before this Court, Debtor cited no legal authority for a stay pending appeal. It appears, however, that the Debtor is moving under Rule 62 of the Federal Rules of Civil Procedure.

7.      Subsection (d) of Rule 62 contemplates an automatic stay upon giving a supersedeas bond. No bond was tendered or offered.

8.      Subsection (g) of Rule 62 provides for a discretionary stay. It appears that Debtor is moving under this subsection. Rule 62(g) provides: "[t]his rule does not limit the power of the appellate court or one of its judges or justices: (1) to stay proceedings – or suspend, modify, restore, or grant an injunction – while an appeal is pending; or (2) to issue an order to preserve the status quo or the effectiveness of the judgment to be entered." Fed. R. Civ. P. 62(g).

9.    As set forth in more detail below, a review of the factors considered in determining whether to impose a stay pending appeal leads to the conclusion that a stay is not warranted in this case.

**Consideration of the Factors Relevant to Imposition of a Stay Does Not Support a Stay.**

10.    The District of Columbia Circuit considers four factors when deciding whether to order a stay pending appeal: "1) whether the petitioner is likely to prevail on the merits of his appeal; 2) whether, without a stay, the petitioner will be irreparably injured, 3) whether issuance of a stay will substantially harm other parties interested in the proceeding, and 4) wherein lies the public interest." McSurely v. McClellan, 697 F.2d 309, 317 (D.C. Cir. 1982) (citing Virginia Petroleum Jobbers Ass'n v. FPC, 259 F.2d 921, 925 (D.C. Cir. 1958)).

11.    The likelihood of Debtor prevailing on the merits of her appeal has declined substantially now that this Court has sustained the opinion of the bankruptcy court. This Court was unequivocal in its support for the bankruptcy court's decision. In fact, this Court added additional reasoning to support the bankruptcy court's conclusions of law.

12.    There is also no irreparable injury facing the Debtor. The bankruptcy court permitted the payment of professional fees from some of the personal injury settlement proceeds. The Debtor, however, maintains the benefit of her appeal. Further, if the Debtor prevailed in her appeal, she would have immediate access to the personal injury settlement funds remaining in the interest-bearing account and the option to sue the professionals to regain those fees paid in the interim.

13.    Conversely, as Judge Teel noted, the professionals have been injured by three years of work without payment. A stay would force the professionals to finance the interim

litigation without the benefit of interest or a bond from the Debtor to insure payment. July Decision at p. 3.

14.    Finally, the public interest would not be served by the stay. As Judge Teel noted, the use of the funds would not moot the appeal. July Decision at p. 4. Further, since creditors will be paid by the Trustee from the funds on hand after payment of professional fees, the public interest is served by avoiding continued costly collateral attacks on the underlying decision.

## CONCLUSION

15.    A consideration of these factors favors denial of a motion to stay pending appeal.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment:

a.    Denying Debtor's motion to stay judgment pending outcome of appeal in its entirety; and

b.    Granting such other and further relief as is just and proper.

Dated: August 13, 2008

Respectfully submitted:

/s/ Darrell W. Clark
Darrell W. Clark No. 450273
Stinson Morrison Hecker LLP
1150 18th Street, NW, Suite 800
Washington, D.C. 20036-3816
Tel: (202) 785-9100
Fax: (202) 785-9163
*Attorneys for Marc E. Albert, Trustee*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was mailed, via first class mail, postage prepaid, this 13th day of August, 2008 to the following:

Jay L. Jensen, Esq.
4946 Bel Pre Road
Rockville, MD 20853

Office of the United States Trustee
115 So. Union Street, Suite 210
Alexandria, VA 2231

/s/ Darrell W. Clark
Darrell W. Clark

DB02/773380.0082/8107920.1