# EXHIBIT A

The decision below is hereby signed. Dated: July 30, 2008.

*S. Martin Teel, Jr.*
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| DIANE HOWELL-ROBINSON, | ) | Case No. 05-00184 |
| | ) | (Chapter 7) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE MOTION TO AUTHORIZE
PAYMENT OF PROFESSIONAL FEES FROM DISPUTED
ESTATE PROPERTY OR IN THE ALTERNATIVE TO REQUIRE DEBTOR
<u>TO POST A BOND FOR PROFESSIONAL FEES INCURRED PENDING APPEAL</u>

The debtor in this case elected under 11 U.S.C. § 522(b) to claim exemptions under nonbankruptcy law, including those available under District of Columbia law. The debtor listed the proceeds of a settlement of a personal injury lawsuit as exempt under District of Columbia law. The chapter 7 trustee objected to that claim of exemption, and this court entered an order sustaining that objection, with the consequence that the proceeds are being treated as property of the estate. The District Court affirmed this court's order, <u>see</u> <u>Howell-Robinson v. Albert</u>, 384 B.R. 19 (D.D.C. 2008), but the debtor is pursuing an appeal of the District Court's order to the Court of Appeals. The trustee now seeks an order authorizing him to use the proceeds to pay any

administrative claims that may be allowed in the case and that are authorized to be paid from estate funds. The court will grant that motion, but without prejudice to the debtor's seeking in the District Court or the Court of Appeals a stay pending the outcome of the appeal to the Court of Appeals.

I

The court's order sustaining the objection to exemptions recited that "upon the filing of a timely appeal and the continuation of that appeal, the Parties agree that the Trustee will first seek and obtain court approval before use of the personal injury settlement proceeds," and ordered "that the disposition of the personal injury settlement proceeds shall remain subject to the further order of this Court." Despite the appeal to the District Court having been concluded, that latter provision necessitated the trustee's filing the instant motion for authority to use the proceeds to pay administrative claims.

II

The parties' papers address the trustee's motion as though it turns on whether the criteria for a stay of the order disallowing the debtor's claim of exemptions have been met. But for reasons explored in part III below, it is not for this court to decide whether a stay should issue pending the outcome of the appeal to the Court of Appeals.

Nevertheless, I will summarize for the benefit of the

2

District Court the various factors that I believe bear on whether a stay should be granted. The first factor is the respective harms that might befall the parties if the District Court were to grant or deny a stay pending the outcome of the appeal in the Court of Appeals. The trustee notes that the estate's professionals have gone over three years without payment. The Bankruptcy Code recognizes that professionals of the estate are entitled periodically to seek to obtain interim compensation. 11 U.S.C. § 331. If deprived of the opportunity to receive interim compensation, the professionals will in effect be required to finance the litigation in the interim before a decision issues from the Court of Appeals. Moreover, the professionals would not be entitled to interest for the delay in receipt of their fees, and the debtor has not offered to pay the professionals interest if she loses her appeal and to post a bond to assure such payment, as a means of eliminating that harm.

Balanced against those harms to the professionals are potential harms to the debtor that could possibly arise if the proceeds were used to pay professional fees and the Court of Appeals were to rule in her favor, namely (1) the possibility that she would have to incur the expense of suing the professionals to recover a judgment for any professional fees paid to them out of exempt proceeds, and (2) the risk that the professionals theoretically might not be capable of fully paying

3

such a recovery.

The appeal would not be rendered moot (as administrative claims would not exhaust the proceeds, and as the debtor could sue to recover any proceeds declared exempt that were paid to administrative claimants). Accordingly, as the trustee urges, there is no danger to the public's interest in obtaining from the Court of Appeals guidance regarding whether personal injury lawsuit proceeds are exemptible under District of Columbia law.

Finally, the parties address the likelihood of success on appeal, and I have nothing to add in that regard.

III

The trustee voluntarily agreed not to enforce the court's disallowance of the debtor's exemption claim unless and until he sought and obtained an order authorizing the use of exempt proceeds. Had the trustee sought such an order from this court prior to the District Court's issuing its order of affirmance, this court would have decided whether to issue such an order based on the standards applicable to a stay pending an appeal of an order of this court. Now that the District Court has affirmed this court's order sustaining the objection to the claim of exemption, this court is required to obey the District Court's order and permit this court's affirmed order to be given effect. There is no reason to stay the effectiveness of the affirmed order unless the debtor is entitled to a stay of the District

4

Court's order.

Both parties have briefed the criteria for granting or denying a stay of the District Court's order. But any stay of the District Court's order must be sought from the District Court or the Court of Appeals. See In re Texas Equip. Co., 283 B.R. 222, 230-31 (Bankr. N.D. Tex. 2002); Lindner & Assocs. v. Richards (In re Richards), 241 B.R. 769, 775-76 (Bankr. D.D.C. 1999). The debtor will have time to seek such a stay because the trustee has not yet filed an application for payment of professional fees, and any such application would require 20-day notice to the debtor and creditors under Fed. R. Bankr. P. 2002(a).

IV

In accordance with the foregoing, an order follows granting the trustee's motion to pay professional fees from disputed estate property, but without prejudice to the debtor's seeking a stay from the District Court, or from the Court of Appeals, of the District Court's order affirming this court's order disallowing the debtor's claim of exemption.

                                        [Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 7 Trustee; Office of United States Trustee; Honorable Richard W. Roberts, United States District Judge.